IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JAMES BRANDON STROUSE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:21-cv-01183-O-BP |
| § | |
| **UNITED STATES PROBATION,** § | |
| *et al.*, § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for screening under 28 U.S.C. § 1915 is the civil rights complaint and record in the above-captioned case. After considering the complaint, record, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **with prejudice**.

I.  BACKGROUND

James Strouse is on supervised release under the terms of two criminal judgments entered in the United States District Court for the Eastern District of Texas. *See United States v. Strouse*, 4:09-cr-00046-1 (E.D. Tex.); *United States v. Strouse*, 4:10-cr-00077-1 (E.D. Tex.). The Eastern District transferred jurisdiction of both criminal cases to this Court. *See United States v. Strouse*, 4:21-cr-00069-P-1, ECF No. 1 (N.D. Tex.); *United States v. Strouse*, 4:21-cr-00070-P-1, ECF No. 1 (N.D. Tex.). Strouse's complaint filed here seeks relief relating to both cases. *See* Civ. Action No. 4:21-cv-01183-O-BP, ECF No. 1.

A.  The First Criminal Case

In 2009, Strouse pleaded guilty to possessing sexually explicit visual depictions of minors, violating 18 U.S.C. § 2252(a)(4)(B). *See United States v. Strouse*, No. 4:09-cr-00046-1, 2009 WL

4730461, at *1 (E.D. Tex. Nov. 12, 2009), *rec. adopted*, 2009 WL 4730461, at *1 (E.D. Tex. Dec. 4, 2009). The Eastern District accepted his guilty plea, and a final presentence report recommended he be sentenced to 120 months in custody. *Id.*

Apparently upset with the recommended sentencing, Strouse moved *pro se* to withdraw both his court-appointed attorney, Robert Arrambide, and the guilty plea. *See id.* at *2. The court granted the motion to withdraw Arrambide, and it appointed attorney Garland Cardwell as a replacement. *Id.* The court denied Strouse's motion to withdraw his guilty plea, but indicated the motion could be refiled by Cardwell. *Id.* So Cardwell renewed the motion, which argued in part that Strouse pleaded guilty upon receiving ineffective assistance of counsel. *Id.* at *3-4.

The court referred Strouse's motion under 28 U.S.C. § 636 to then United States Magistrate Judge Amos L. Mazzant (*id.* at *1), who recommended the motion be denied:

> [Strouse] entered into a plea agreement with the Government. The plea agreement was signed by [Strouse] and his counsel. Paragraph eleven of the plea agreement states that [Strouse] reviewed all legal and factual aspects of the case and that [Strouse] was fully satisfied with his counsel's legal representation. [Strouse] also represented, in signing the written consent form to proceed before the undersigned, that he was satisfied with the representation provided to him. [Strouse] was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel, Mr. Robert Arrambide, and he answered that he was. . . . The Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

*Id.* at *4. The court accepted Judge Mazzant's recommendation (*id.* at *1) and entered a criminal judgment, committing Strouse "to the custody of the United States Bureau of Prisons [("BOP")] to be imprisoned for a total term of 120 months." ECF No. 1 at 13-14. The judgment also placed Strouse on supervised release for five years following his release from incarceration. *Id.* at 15.

B.   **The Second Criminal Case**

While in BOP, Strouse mailed several letters threatening to kill the district judge who presided over his first criminal case and the assistant United States attorney who prosecuted it. *See*

2

*Strouse v. United States*, No. 4:10-cr-77-1, 2016 WL 1296798, at *1 (E.D. Tex. Feb. 10, 2016), *rec. adopted*, 2016 WL 1271610 (E.D. Tex. Mar. 31, 2016). Strouse "pleaded guilty pursuant to a written plea agreement to retaliatory threats against a federal official and mailing threatening communications," violating 18 U.S.C. §§ 115, 876, respectively. *Id.* The Eastern District entered judgment accordingly and sentenced Strouse to forty-six months' imprisonment in BOP, set to run "consecutively to the undischarged term of imprisonment in the child pornography case." *Id.* The judgment similarly imposed supervised release. *See Strouse*, 4:21-cr-00070-P-1, ECF No. 2-2 at 3.

### C. Supervised Release

The BOP released Strouse in July 2021. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Aug. 15, 2022) (search: "James Brandon Strouse"); *see also Strouse*, 4:21-cr-00069-P-1, ECF No. 11 at 2 ("It appears that Strouse was released from the BOP on July 9, 2021."). Strouse soon filed motions to modify the conditions of his supervised release. *Strouse*, 4:21-cr-00069-P-1, ECF Nos. 4-6. Among other items, Strouse wanted less restricted access to the internet and firearms. *See id.*, ECF No. 11 at 2. The Court denied the motions, as the conditions at issue were reasonably related to Strouse's criminal offenses and necessary to accomplish the policy rationales underlying the criminal justice system. *Id.* at 5-8.

### D. This Civil Case

About a month later, Strouse filed the instant civil rights complaint, asserting the Court's jurisdiction under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and seeking $1.2 million and other equitable relief. *Strouse*, Civ. Action No. 4:21-cv-01183-O-BP, ECF No. 1 at 3, 10. The apparent defendants are United States Probation Office ("USPO"), Garland Cardwell, Robert Arrambide, and the United States, namely United States

3

Magistrate Judge Amos Mazzant and the United States Federal Public Defender's Office ("FPDO"). *See id.* at 2-3.

USPO allegedly denied Strouse certain rights to which he feels entitled under the terms of his supervised release, including the right to obtain a hunting license, smart phone, and computer or internet access. *See* ECF No. 7 at 2. As to the United States, Strouse claims Judge Mazzant failed to recuse himself during Strouse's criminal cases despite having a conflict of interest, and that FPDO provided Strouse with ineffective assistance of counsel during his criminal proceedings. *See id.* at 3. He similarly alleges Arrambide and Cardwell both provided him ineffective assistance of counsel during his criminal proceedings. *Id.* at 4-5. Strouse proceeds *pro se* and *in forma pauperis*. *See* ECF No. 5.

## II. LEGAL STANDARDS

Because Strouse proceeds *in forma pauperis*, the Court must *sua sponte* dismiss his complaint if it is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if it does not allege enough facts "to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To state a Bivens claim the plaintiff must allege the deprivation of a constitutional right by a federal agent." *Quinn v. Stokes*, 103 F.3d 126, 1996 WL 731533 (5th Cir. Nov. 27, 1996); *see also Espinal v. Bemis*, 464 F. App'x 250, 251 (5th Cir. 2012) ("A *Bivens* action is analogous to a § 1983 action; the only difference is that § 1983 claims apply to constitutional violations by state actors and Bivens claims apply to actions by federal officials."). The Court liberally construes *pro se* pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

#### A. Strouse cannot sue USPO, FPDO, or their employees under *Bivens*.

Because a "federal agency is not subject to suit under *Bivens*," *West v. U.S. Marshal*, 275 F.3d 1080, 2001 WL 1468197 (5th Cir. Oct. 26, 2001), Strouse's claims against USPO and FPDO are infirm. *Perez v. United States*, No. C-12-376, 2013 WL 315217, at *4 n.4 (S.D. Tex. Jan. 25, 2013) (noting "an additional ground for dismissal of the United States Marshal Service and the United States Probation Office because these agencies are not persons for purposes of a lawsuit pursuant to *Bivens*"), *aff'd*, 557 F. App'x 388 (5th Cir. 2014); *Ross v. Dempsey Unif. & Linen Supply*, No. 3:16-cv-1208-NAM-DJS, 2016 WL 8652438, at *7 (N.D.N.Y. Dec. 29, 2016) ("With regard to the United States Probation Office and the Federal Public Defender's Office, to the extent these entities are federal agencies for purpose of a *Bivens* action, then such agencies cannot be sued under *Bivens* . . . ."), *rec. adopted*, 2017 WL 1207832 (N.D.N.Y. Mar. 31, 2017), *aff'd*, 739 F. App'x 59 (2d Cir. 2018).

Nor could Strouse sue individual USPO employees under *Bivens* for their enforcement or non-enforcement of his supervised release conditions. *See Carvajal v. United States*, No. 3:20-cv-567-S-BK, 2021 WL 2814883, at *5 (N.D. Tex. May 11, 2021) ("Extending a *Bivens* remedy to the post-incarceration supervision context would undoubtedly permit a myriad of lawsuits from supervised releasees seeking monetary damages from probation officers for constitutional violations stemming from the application of conditions of supervised release."), *rec. adopted*, 2021 WL 2808966 (N.D. Tex. July 6, 2021). And to the extent Strouse seeks modification of his supervised release conditions, the Court has already denied his similar requests, *Strouse*, 4:21-cr-00069-P-1, ECF No. 11, and there is no indication he can use *Bivens* as a vehicle to seek reconsideration.

Similarly, Strouse could not sue individual FPDO employees because "[p]ublic defenders are not federal officers for purposes of *Bivens*." *Medina v. United States*, No. 3:12-cv-3702-M-BN, 2012 WL 6802078, at *5 (N.D. Tex. Nov. 13, 2012), *rec. adopted*, 2013 WL 93151 (N.D. Tex. Jan. 7, 2013); *see Hernandez v. Castillo*, No. 5:21-cv-00083, 2022 WL 903748, at *2 (S.D. Tex. Mar. 1, 2022) ("Public Defenders do not act under 'color of federal law' when representing indigent defendants in state or federal court."), *rec. adopted*, 2022 WL 902632 (S.D. Tex. Mar. 28, 2022); *Davis v. Van Hook*, No. 5:13-cv-3277, 2014 WL 1248291, at *2 (W.D. La. Mar. 25, 2014) (explaining a "*Bivens* claim requires a showing that the defendant was a federal officer acting under color of federal law" and that federal public defenders and other court-appointed attorneys in federal criminal cases "do not act on behalf of the government, but rather serve the public by advancing the undivided interests of their clients").

### B.  The *Heck* doctrine bars the ineffective assistance claims.

Assuming legal authorities like *Medina*, *Hernandez*, and *Davis* do not already bar Strouse's ineffective assistance claims against Arrambide or Cardwell, the *Heck* doctrine would bar them. *See Strouse*, 2009 WL 4730461 (indicating Arrambide was a Federal Public Defender); ECF No. 7 at 5 (same). If a suit for monetary damages under *Bivens* "would necessarily imply the invalidity of a plaintiff's incarceration," the *Heck* doctrine requires dismissal of the complaint "unless the plaintiff demonstrates that the decision resulting in confinement has been reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2255, or otherwise declared invalid by a tribunal authorized to make such a determination." *Galarza-Morales v. Means*, No. 4:16-cv-140-O, 2016 WL 9049520, at *3 (N.D. Tex. Apr. 7, 2016) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

The *Heck* doctrine applies even though Strouse is no longer incarcerated. *Launza v. City of Mesquite*, No. 3:20-cv-01710-E-BT, 2021 WL 4954348, at *5 (N.D. Tex. Oct. 8, 2021) ("In the

Fifth Circuit, *Heck*'s favorable-termination requirement applies in actions in which the plaintiff is no longer confined."), *rec. adopted*, 2021 WL 4949301 (N.D. Tex. Oct. 25, 2021); *Carter v. Wilder*, No. 4:11-cv-682-Y, 2012 WL 1242379, at *2 (N.D. Tex. Apr. 12, 2012) ("[A]s [plaintiff's] sentence [h]as not been otherwise invalidated, his claims—whether they be for monetary damages, injunctive relief, or for declaratory judgment—are not cognizable under *Heck v. Humphrey*, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).").

Strouse's ineffective assistance claims against Arrambide and Cardwell imply the invalidity of the conviction and sentence he received in the first criminal case (*see* ECF No. 7 at 4-5), because they suggest if he had received effective assistance, he would have obtained an acquittal or more favorable sentence. *See Perkins v. Martin*, No. 3:09-cv-1731-N-BH, 2009 WL 3816525, at *3 (N.D. Tex. Nov. 12, 2009) (citing *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004)) ("Here, a ruling granting monetary relief on plaintiff's claims against his former defense attorney would necessarily implicate the validity of his conviction."), *rec. adopted*, 2009 WL 3816525 (N.D. Tex. Nov. 12, 2009). But because the record reflects the conviction and sentence for the first criminal case (and for the second) remain valid (*see Strouse*, 4:21-cr-00069-P-1; *Strouse*, 4:21-cr-00070-P-1), these claims are not actionable. *See Love v. Mendoza*, No. 4:06-cv-157-Y, 2006 WL 3486784, at *2 (N.D. Tex. Dec. 1, 2006) ("As in *Heck*, Plaintiff's ineffective-assistance challenges, if successful, necessarily would imply the invalidity of his incarceration and conviction, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*.").

### C.   Judge Mazzant is entitled to judicial immunity.

Assuming the *Heck* doctrine does not similarly bar Strouse's claims against Judge Mazzant, the judge would be entitled to judicial immunity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v.*

7

*Waco*, 502 U.S. 9, 11 (1991). The immunity "is not overcome by allegations of bad faith or malice and '*applies even when the judge is accused of acting maliciously and corruptly.*'" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Mireles*, 502 U.S. at 11). It is overcome only by allegations that the judge's alleged misconduct is (1) "nonjudicial," meaning action "not taken in the judge's judicial capacity" or (2) "judicial in nature," yet "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Because judicial immunity serves "the need for independent and disinterested judicial decision-making," the "immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in the mind of some future judge that to take proper action might expose him to personal liability." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Strouse's allegations provide no basis to believe Judge Mazzant had a conflict of interest that necessitated his recusal from Strouse's criminal proceedings. Even so, the decision not to recuse warrants immunity. *See Brenham v. Rosenberg*, No. 3:21-cv-2972-B-BN, 2021 WL 6297750, at *2 (N.D. Tex. Dec. 6, 2021) (quoting *Kemp ex rel. Kemp v. Perkins*, 324 F. App'x 409, 412 (5th Cir. 2009)) ("Neither '[r]ecusal' nor, by implication, the failure to recuse is 'the type[] of administrative or ministerial conduct for which judicial immunity is unavailable.'"), *rec. adopted*, 2022 WL 60350 (N.D. Tex. Jan. 6, 2022). Judge Mazzant also acted judicially and with jurisdiction—indeed, he acted under 28 U.S.C. § 636—when he recommended that Strouse's motion to withdraw his guilty plea be denied. *See Strouse*, 2009 WL 4730461, at *1; 28 U.S.C. § 636 (indicating the powers and jurisdiction of United States Magistrate Judges). Judge Mazzant is entitled to judicial immunity, and Strouse's claims against him should be dismissed.

### D. The Court should dismiss Strouse's case with prejudice.

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Because Strouse has filed his complaint (ECF No. 1) and answers to a Court-issued questionnaire (ECF No. 7), the Court may conclude he has pleaded his best case, which should be dismissed with prejudice. *See Manzo v. Mateware*, No. 3:19-cv-812-S-BK, 2021 WL 6284098, at *9 (N.D. Tex. Dec. 13, 2021) (dismissing *Bivens* action under 28 U.S.C. § 1915(e)(2)(B) with prejudice) (concluding that allowing *pro se* litigant further opportunities to amend "would be futile and cause needless delay"), *rec. adopted*, 2022 WL 48395 (N.D. Tex. Jan. 5, 2022); *see also West*, 275 F.3d 1080, 2001 WL 1468197 (affirming dismissal with prejudice of *Bivens* action against federal agency); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (citing *Heck*, 512 U.S. 477) (remanding to district court for dismissal with prejudice of *Bivens* action that included an ineffective assistance claim).

## IV.  CONCLUSION

Because Strouse's claims are frivolous and not actionable, and because Strouse has pleaded his best case, the undersigned **RECOMMENDS** that Judge O'Connor *sua sponte* **DISMISS** this case **with prejudice** under 28 U.S.C. § 1915.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for

9

the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 16, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE